Filed 8/8/16  P. v. Quarterman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065015 |
| v. | (Super.Ct.No. FSB1402402) |
| ANTONIO QUARTERMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Antonio Quarterman entered a plea agreement and pled no contest to one count of carrying a loaded firearm. (Pen. Code, § 25850, subd. (a).)[1] A trial court sentenced him immediately. In accordance with the plea agreement, the court sentenced defendant to three years in county prison and awarded him 1,108 days of presentence custody credits (554 actual days and 554 conduct credits). The sentence was deemed served, and the court ordered defendant released.

Defendant filed a timely notice of appeal, in propria persona, stating that the appeal was based on the sentence or other matters occurring after the plea, as well as the denial of a motion to suppress evidence. We affirm.

PROCEDURAL BACKGROUND

On December 9, 2014, defendant was charged by information with two counts of making criminal threats (§ 422, counts 1 & 2), two counts of threatening a public officer (§ 71, counts 3 & 4), vandalism under $400 (§ 594, subd. (b)(2)(A), count 5), carrying a loaded handgun (§ 25850, subd. (a), count 6), having a concealed firearm in a vehicle (§ 25400, subd. (a)(1), count 7), being a felon carrying a loaded firearm (§ 25850, subds. (a) & (c)(1), count 8), being an occupant in a vehicle with a concealed firearm (§ 25400, subd. (a)(3), count 9), and carrying a loaded firearm with the intent to commit a felony (§ 25800, subd. (a), count 10). On December 17, 2014, defendant pled not guilty on all counts.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

On January 27, 2015, defendant indicated that he wanted a *Marsden*[2] hearing. The next day, the court held a hearing on defendant's *Marsden* motion and denied it.

On March 6, 2015, defendant filed a *Faretta*[3] waiver. The court advised him of the perils of self-representation. After some inquiry, the court found that defendant knowingly and intelligently waived his right to counsel and granted him in propria persona status.

On April 3, 2015, defendant filed a motion to dismiss for outrageous police conduct. The court denied the motion.

On April 24, 2015, defendant filed a motion to dismiss for failure to disclose exculpatory evidence.

On May 8, 2015, defendant filed a motion to dismiss multiple prosecutions.

On May 29, 2015, defendant filed a *Pitchess*[4] motion. On that same day, the court denied defendant's motions to dismiss for failure to disclose exculpatory evidence and for multiple prosecutions.

On June 5, 2015, defendant filed a motion for appointment of an investigator, which the court granted. Defendant waived time for trial to August 28, 2015.

On June 29, 2015, defendant filed a nonstatutory motion to dismiss. He also filed a motion for release on his own recognizance.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *Faretta v. California* (1975) 422 U.S. 806.

[4] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

On July 14, 2015, defendant filed a motion to discharge him. He also filed a motion to dismiss for vindictive prosecution. That same day, the court held a hearing and denied defendant's motion for release on his own recognizance and his nonstatutory motion to dismiss. Defendant waived time for trial to September 29, 2015.

On July 31, 2015, defendant filed two motions to set aside the information. That same day, the court denied his motion to discharge him and his motion to dismiss for vindictive prosecution.

On August 14, 2015, defendant filed another *Pitchess* motion. He also filed another motion to set aside the information. The court held a hearing on the two previous motions to set aside the information, and stated that it would consider all three motions to set aside the information as one motion under section 995, and that it would make a ruling as to each one under that one motion.

On September 16, 2015, defendant filed a demurrer for failure to state a public offense, and a demurrer for lack of jurisdiction.

On September 29, 2015, the court held a hearing and denied the section 995 motion to set aside the information and the *Pitchess* motion.

On October 16, 2015, defendant filed a motion to disqualify the judge (Code Civ. Proc. § 170.6.), which the court denied as untimely.

On October 23, 2015, the court held a hearing and noted that it had motions pending that were entitled demurrers for failure to state a public offense and lack of jurisdiction. The court stated that in criminal law, those motions would more

4

appropriately be called section 995 motions to dismiss. It then noted that, since the substance of those motions had been addressed and ruled on previously, it was not going to hear them.

On October 30, 2015, defendant filed a motion to discharge him from custody because he had served excess time, in violation of the Eighth Amendment.

On November 13, 2015, the court held a hearing and explained to defendant that if he ended up getting sentenced and had excess custody credits, such credits would be deducted from his period of parole. The court stated that it was not there to sentence him that day. Thus, the court stated, in regard to defendant's motion to discharge him, that it was not in a position to conclude that the legislative provisions for handling defendants who served excess time were a violation of the Eighth Amendment. The court continued the matter to November 23, 2015, for a jury trial. The prosecutor then stated that it wanted to put the People's current plea agreement offer on the record. Defendant refused the offer.

At the outset of a hearing on November 20, 2015, the prosecutor informed the court that defendant wanted to go forward with the plea agreement. However, the prosecutor first wanted to put on the record that defendant had two motions to file that day. The prosecutor noted that one of them was a motion and one was actually what defendant just called an argument. However, defendant said he did not want them to be argued; he just wanted to enter the plea agreement. The court then noted the filing of a motion to suppress evidence and defendant's document entitled "Objection and

5

Argument to Motion Heard and Denied for Legally Discharge Dated 11-13-2015." Defendant explained that he just wanted the court to review the motions "if it becomes necessary." The court acknowledged him and proceeded to take his plea. Pursuant to the plea agreement, defendant pled no contest to carrying a loaded handgun. (§ 25850, subd. (a), count 6.) The court found a factual basis for the plea, and, on motion by the People, dismissed the remaining counts. It then sentenced defendant to the upper term of three years in county prison, awarded him a total of 1,108 of custody credits, and ordered him released, since he had served his sentence.

### DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court should have heard defendant's motion to suppress before taking his plea. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.